UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY WHITE (#117144)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 13-613-SDD-SCR

**<u>ORDER</u>**

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Anthony White.

Anthony White was found guilty of one count of armed robbery in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on July 17, 2008. Petitioner was adjudicated a fourth felony habitual offender and was sentenced to 99 years imprisonment at hard labor without the benefit of probation or suspension of sentence.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction, habitual offender adjudication and sentence. *State of Louisiana v. Anthony Ray White,* 2009-0947 (La. App. 1st Cir. 10/23/09), 24 So.3d 1032 (Table).

Petitioner sought review in the Louisiana Supreme Court.[1]

---

[1] Petitioner's writ application is not signed or dated. A cover letter apparently attached to the writ application is dated November 19, 2009. However, there is other record evidence to support a finding that the writ application was not submitted on
(continued...)

Petitioner's writ of review was postmarked November 25, 2009 and was filed on December 9, 2009.[2] The Louisiana Supreme Court denied review on November 12, 2010. *State ex rel. Anthony Ray White v. State of Louisiana*, 2009-2663 (La. 11/12/10), 49 So.3d 883.

In its Answer to Petition For Writ of Habeas Corpus[3] and State's Procedural Objections and Answer to Petitioner's Writ of Habeas Corpus[4] the State argued that the petition is untimely. Specifically, the State argued that the petitioner did not file a timely application for writ of review with the Louisiana Supreme Court. The State argued that La. S.Ct. Rule X Section 5 requires all writ applications to be filed within 30 days of the mailing of the judgment. The State argued that the petitioner did not submit his pleadings to prison officials within 30 days.

Therefore;

IT IS ORDERED that within 15 days the parties shall submit affidavits, documents, or other evidence necessary to establish when the petitioner delivered his writ of review to prison officials. The affidavits may include those of the petitioner as

---

[1](...continued)
that date.

[2] Record document number 8, Notice of Filing State Court Record.

[3] Record document number 6.

[4] Record document number 7.

well as those of prison officials; documentary evidence may include draw slips for postage, mail logs, or post office receipts. The court may require the parties to present oral testimony at an evidentiary hearing if the affidavits and documentary evidence are not sufficient to make a determination.

Petitioner's failure to timely respond to this order may result in a determination that he did not timely deliver his writ of review to prison officials.

Baton Rouge, Louisiana, October 7, 2014.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE