UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY WHITE (#117144)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 13-613-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 24, 2014.

                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY WHITE (#117144)

VERSUS

CIVIL ACTION

N. BURL CAIN, ET AL

NUMBER 13-613-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Anthony White.

For the reasons which follow, the petition should be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d).

**I. Procedural History**

Anthony White was found guilty of one count of armed robbery in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana on July 17, 2008. Petitioner was adjudicated a fourth felony habitual offender and was sentenced to 99 years imprisonment at hard labor without the benefit of probation or suspension of sentence.

On direct appeal the petitioner asserted four assignments of error:[1]

---

[1] The first assignment of error was asserted in the appellate brief filed by the petitioner's attorney. The second, third and fourth assignments of error were asserted in the petitioner's *pro se* brief on appeal and are described in the appellate court's

1. Insufficient evidence to support the conviction.

2. The trial court erred in finding that probable cause existed to support the charged offense.

3. The trial court erred in failing to order a transcript of the preliminary examination, which prevented judicial review based on a complete record.

4. There was insufficient evidence to support his armed robbery conviction.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction, habitual offender adjudication and sentence. *State v. White, supra.* Petitioner sought review in the Louisiana Supreme Court.[2] The Louisiana Supreme Court denied review on November 12, 2010. *State ex rel. Anthony Ray White v. State of Louisiana*, 2009-2663 (La. 11/12/10), 49 So.3d 883.

Petitioner signed an application for post-conviction relief ("PCRA") on July 12, 2011 and it was filed on July 20, 2011.[3] Petitioner asserted the following grounds for relief:

1. There was insufficient evidence to support his armed robbery conviction.

2. His due process rights were violated when the trial court

---

decision as Pro Se Assignment of Error Number 1, 2 and 3. *State of Louisiana v. Anthony Ray White,* 2009-0947 (La. App. 1st Cir. 10/23/09), 24 So.3d 1032 (Table), (2009 WL 3452887, pp. 4-5).

[2] Record document number 8, State Court Record, Ancillary Volume. Petitioner's writ application is neither signed nor dated. A cover letter apparently attached to the writ application is dated November 19, 2009. However, as explained below, other record evidence supports finding that the writ application was not submitted to prison officials for filling on that date.

[3] State Court Record, Vol. 3.

> found probable cause to arrest him.

3. His due process rights were violated when the court failed to order a transcript of the preliminary examination for judicial review.

4. His due process rights were violated when he was erroneously convicted on circumstantial evidence without eliminating his alibi defense.

5. He was denied effective assistance of counsel when counsel failed to introduce evidence of the petitioner's innocence.

On October 15, 2012, the trial court denied the petitioner's PCRA.[4]

Petitioner signed his application for supervisory review from the denial of his PCRA on December 13, 2012, and it was presumably filed in the Louisiana First Circuit Court of Appeal on that same date. The Louisiana First Circuit Court of Appeal denied review on January 28, 2013. *State of Louisiana v. Anthony White*, 2012-2075 (La. App. 1st Cir. 1/28/13).[5]

Petitioner sought review in the Louisiana Supreme Court. The writ application was signed February 25, 2013 and it was filed February 26, 2013. The Louisiana Supreme Court denied review on July 31, 2013. *State ex rel. Anthony White v. State of Louisiana*, 2013-0476 (La. 7/31/13), 118 So.3d 1120.

Petitioner signed his federal habeas corpus application on

---

[4] *Id.*

[5] Record document number 8, State Court Record, Ancillary Volume.

September 17, 2013, and it was electronically filed that same date.

Petitioner asserted the following grounds for relief:

Ground One: There was insufficient evidence to support his armed robbery conviction.

Ground Two: His due process rights were violated when the trial court found probable cause to arrest him.

Ground Three: His due process rights were violated when the court failed to order a transcript of the preliminary examination for judicial review.

Ground Four: His due process rights were violated when he was erroneously convicted based on circumstantial evidence which did not eliminate his alibi defense.

Ground Five: He was denied effective assistance of counsel when counsel failed to introduce evidence of the petitioner's innocence.

## II. Applicable Law and Analysis

### A. Petitioner's Louisiana Supreme Court Writ Application Did Not Toll the AEDPA Limitations Period

In its Answer to Petition For Writ of Habeas Corpus[6] and State's Procedural Objections and Answer to Petitioner's Writ of Habeas Corpus[7] the State argued that the petition is untimely. Specifically, the State argued that the petitioner did not file a timely application for a writ of review with the Louisiana Supreme Court. The State argued that Louisiana Supreme Court Rule X § 5 requires all applications for writs of review to be filed within 30

---

[6] Record document number 6.

[7] Record document number 7.

4

days of the mailing of the judgment. The State argued that the petitioner did not submit his Louisiana Supreme Court writ application to prison officials for transmittal to that court within 30 days from the appellate court's decision. The State argued that as a result, the writ application filed in the Louisiana Supreme Court was not timely filed for purposes of § 2254(d)(2) and did not toll the AEDPA limitations period.

On October 7, 2014, the parties were ordered to submit affidavits, documents, or other evidence necessary to establish when the petitioner delivered his Louisiana Supreme Court writ application to prison officials.[8] Petitioner was placed on notice that his failure to timely respond to the order may result in a determination that he did not timely deliver his writ application to prison officials.[9] Instead of filing a substantive response to the order, the petitioner requested additional time to do so.[10] Petitioner's request was denied.[11]

In the State's Reply to Court's 10/7/14 Order[12] the State filed a letter from Lt. Cindy Vannoy, LSP Mail/Package Department Supervisor, and copies of the petitioner's Indigent Mail Drawslip

---

[8] Record document number 9.

[9] *Id.*

[10] Record document number 11.

[11] Record document number 12.

[12] Record document number 10.

Transmittal.[13]  According to Lt. Vannoy, if an offender mails an article of mail through LSP's Indigent Mail Program, the Mail/Package Department submits a transmittal to the Inmate Accounts Department placing a debit on the offender's account for the cost of postage.[14]  Indigent Mail Drawslip Transmittal records showed that the petitioner's account was debited for indigent mail on November 25, 2009 in the amount of $4.95.[15]

In addition, an Inmate's Request for Legal/Indigent Mail receipt obtained from the petitioner's offender classification file showed that on November 24, 2009,[16] a classification officer picked up privileged mail from the petitioner which was addressed to Clerk of Court, 400 Royal Street, Suite 4200, New Orleans, LA 70130.[17]  This address is the official address of the Louisiana Supreme Court.

Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se* prisoner submits the pleading to prison authorities for mailing.  *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009); *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71, 108

---

[13] Record document number 10-1, pp. 1-3.

[14] *Id*. at 1.

[15] *Id*. at 1; 2.

[16] This was a Tuesday.

[17] Record document number 10-1, p. 3.

6

S.Ct. 2379 (1988).

The record evidence supports a finding that the petitioner submitted his Louisiana Supreme Court writ application to prison officials for mailing no earlier than November 24, 2009.

Under Louisiana Supreme Court Rule X, § 5(a), a petition for review must be filed "within thirty days of the mailing of the notice of the original judgment of the court of appeal." The Louisiana First Circuit Court of Appeal mailed its decision to the petitioner's appellate counsel on October 23, 2009.[18] The Inmate's Request for Legal/Indigent Mail receipt obtained from the petitioner's offender classification file shows that the petitioner's writ application to the Louisiana Supreme Court was submitted to prison official for transmittal to that court no earlier than November 24, 2009. Thus, the petitioner failed to meet the Rule X, § 5(a) 30-day deadline. This untimely writ application could not be considered as "properly filed" for the purpose of § 2244(d)(2) and therefore did not continue the statutory tolling. *Williams v. Cain*, 217 F.3d 303, 311 (5th Cir. 2000). Statutory tolling ended on November 23, 2009, when the petitioner failed to timely file a writ application in the Louisiana Supreme Court.[19]

---

[18] State Court Record, Vol. 3.

[19] The statutory tolling ended on November 22, 2009, which was a Sunday. Thus, the time period was extended to the next business
(continued...)

7

**B. Timeliness**

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D.Tex. 1998). A court must look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and

---

[19](...continued)
day for the court, which was Monday, November 23.

8

the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). An application ceases to be "pending" within the meaning of § 2244(d)(2) when the petitioner fails to timely file an application for supervisory review at the next level. *Id*. at 407. A state court's subsequent decision to allow review may toll the time relating directly to that application, but it does not change the fact that the application was not pending prior to the application. *Id*. After the period for appeal or seeking discretionary review has lapsed, an application ceases to be pending, but a subsequent properly filed application entitles the petitioner to additional tolling beginning at the time of the "proper" filing. *Id*.

Petitioner's conviction became final on November 23, 2009.[20]

---

[20] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court
(continued...)

9

From November 23, 2009, the date the petitioner's conviction became final, until July 12, 2011, the date the petitioner signed his PCRA, more than one year (over 19 months) of the limitations period elapsed. By the time the petitioner filed his PCRA, the time for filing his federal habeas corpus application had already elapsed.

Absent a state-created impediment or equitable tolling, the petitioner's federal habeas corpus petition is untimely. To establish a state-created impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). That is, the petitioner must show that the delay actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law. *See id.* at 436-37. Petitioner did not allege a state-created impediment nor has he made the requisite showing of one.

Nor is there any basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United*

---

[20](...continued)
... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

*States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

Assuming the petitioner completed and signed his Louisiana Supreme Court writ application on November 19, 2009, there is no evidence that any rare, exceptional or extraordinary circumstance - something beyond his control - prevented him from submitting it to prison officials for transmittal to that court from November 19 to November 23, 2009. Consequently, there is no basis for equitable tolling.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

Person in State Custody filed by Anthony White be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, October 24, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE